IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARLENE VARANAVAGE <br> Plaintiff <br><br> v. <br><br> TJX COMPANIES/MARSHALLS <br> Defendant | CIVIL ACTION NO. 19-cv-461 |

## NOTICE OF REMOVAL OF DEFENDANT

Defendant, Marmaxx Operating Corp. (Improperly named as TJX Companies/Marshalls), by and through its undersigned counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, and pursuant to 28 U.S.C. §§1441 and 1332, hereby removes to this Court an action pending in the Court of Common Pleas of Philadelphia County, Pennsylvania. The grounds for this Removal are set forth below:

1. On or about January 4, 2019, Plaintiff, Marlene Varanavage, commenced this civil action by the filing of a Complaint in the Court of Common Pleas of Philadelphia County captioned *"Marlene Varanavage vs. TJX Companies/Marshalls" at December Term, 2018, No. 3975.* Defendant is improperly named. Proper Defendant is *Marmaxx Operating Corp..* In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto and incorporated herein as Exhibit "A."

2. On or about January 10, 2019, Defendant was served with the Complaint via a process server.

3. Plaintiff, Marlene Varanavage, avers in the Complaint that she is a resident of the Commonwealth of Pennsylvania with a principal residence located at 206 Cliffwood Road, Philadelphia, Pennsylvania. *See* Exhibit "A" at ¶ 1.

4. In her Complaint, Plaintiff improperly named TJX Companies/Marshalls as the Defendant.

5. The proper Defendant is Marmaxx Operating Corp.

6. Marmaxx Operating Corp. ("Marmaxx") is a Virginia Corporation with a principal place of business at 770 Cochitaute Road in Framingham, Massachusetts.

7. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and which may be removed on the petition of Defendant to this District Court pursuant to 28 U.S.C. §§ 1441 and 1446.

8. Upon information and belief, the amount in controversy in this action, which includes the costs of indemnity for any adverse judgment against Defendant, exceeds $75,000, exclusive of interests and costs.

9. Plaintiff alleges that she sustained "severe and permanent internal and external injuries in and about the head, body and limbs, more particularly: neck, back, shoulder, hip, and hand." *See* Exhibit "A" at ¶ 11.

10. Plaintiff also alleges that she "has been obliged to expend various sums of money for medicine and medical attention . . . and will be obliged to expend additional sums of money for the same purposes in the future. . . ." *See* Exhibit "A" at ¶12.

11. Plaintiff further alleges that she "has and may suffer a severe loss of earnings and/or impairment of her earning capacity and power, which such loss of income and/or impairment of her earning capacity and power has or may exceed the sum recoverable." *See* Exhibit "A" at ¶13.

12. Pursuant to 28 U.S.C. §§ 1332(a), and 1441(a), this Court possesses original jurisdiction of this action because the amount in controversy exceeds $75,000 and

2

because this action is between citizens of different states. That is, Plaintiff is diverse from the Defendant. Moreover, Defendant is not a citizen of the Commonwealth of Pennsylvania, where the original action was filed. Furthermore, the Eastern District of Pennsylvania embraces Philadelphia County, where the current action is pending in the Court of Common Pleas of Philadelphia County in the Commonwealth of Pennsylvania.

13. Pursuant to the United States Supreme Court's holding in *Chicago, R. I. & P. Ry. Co. v. Martin,*, 178 U.S. 245 (1900), this Notice of Removal is properly filed because the sole Defendant served in the state-court action has, as is evident from this Notice, consented to removal.

14. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it was filed less than thirty days from the service of the Complaint, the date upon which it first was ascertainable that the case is one which is removable because the Complaint is the first statement describing Plaintiff's alleged injuries and damages. No previous Notice of Removal has been filed or made to this Court for the relief sought herein.

15. Accordingly, this lawsuit is properly removable from Pennsylvania State Court to the United States District Court, Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1332(a)(1), 1441(a) and 1446(b).

16. Defendant expressly reserves the right to raise all defenses and objections in this action after it is removed to this Honorable Court.

17. A true and correct copy of this Notice of Removal is being filed with the Prothonotary of Philadelphia County Court of Common Pleas, as provided by 28 U.S.C. § 1446(d).

18. Written Notice of the filing of this Notice of Removal will be given to all served parties as required by 28 U.S.C. § 1446(d).

19. No admission of fact, law, or liability is intended by this Notice of Removal, and all defenses, affirmative defenses and motions are hereby reserved to Defendant.

WHEREFORE, Defendant, Marmaxx Operating Corp. (Improperly named as TJX Companies/Marshalls), hereby removes the above-captioned action, which is now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

BONNER KIERNAN TREBACH & CROCIATA, LLP

BY: _____
James F. Lynn, Esquire
Attorney ID No. 53838
Ten Penn Center Plaza, Suite 770
1801 Market Street
Philadelphia, PA 19103
Tel.: (215)569-4433
Fax: (215)569-4434
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, James F. Lynn, Esquire, hereby certify that a copy of Defendant's Notice of Removal was served via U.S. First Class Mail, postage prepaid, this 31st day of January, 2019 upon the following:

Alisha A. Nichols, Esquire
DASHEVSKY, HORWITZ, KUHN, NOVELLO, & SHORR, P.C.
1315 Walnut Street, 12th Floor
Philadelphia, PA 19107
*COUNSEL FOR PLAINTIFF*

BONNER KIERNAN TREBACH & CROCIATA, LLP

BY: _____
James F. Lynn, Esquire
Attorney ID No. 53838
Ten Penn Center Plaza, Suite 770
1801 Market Street
Philadelphia, PA 19103
Tel.: (215)569-4433
Fax: (215)569-4434
*Attorney for Defendant*

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**DECEMBER 2018**

E-Filing Number 1901009318

**003975**

JAN 16

| | |
|---|---|
| **PLAINTIFF'S NAME** MARLENE VARANAVAGE | **DEFENDANT'S NAME** TJX COMPANIES / MARSHALLS |
| **PLAINTIFF'S ADDRESS** 206 CLIFFWOOD ROAD PHILADELPHIA PA 19115 | **DEFENDANT'S ADDRESS** 9169 ROOSEVELT BLVD PHILADELPHIA PA 19114 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal  [ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less [X] More than $50,000.00 | [ ] Arbitration [ ] Jury [X] Non-Jury [ ] Other: | [ ] Mass Tort [X] Savings Action [ ] Petition | [ ] Commerce [ ] Minor Court Appeal [ ] Statutory Appeals | [ ] Settlement [ ] Minors [ ] W/D/Survival |

**CASE TYPE AND CODE**
2P - PRODUCT LIABILITY

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
JAN 04 2019
M. BRYANT

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES  NO

---

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant  MARLENE VARANAVAGE

Papers may be served at the address set forth below

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| ALISHA A. NICHOLS | 1315 WALNUT ST 12TH FLOOR PHILADELPHIA PA 19107 |
| **PHONE NUMBER** (215)546-4488 | **FAX NUMBER** (215)732-6220 | |
| **SUPREME COURT IDENTIFICATION NO** 317560 | **E-MAIL ADDRESS** ANICHOLS@DASHEVSKYLAW.COM |
| **SIGNATURE OF FILING ATTORNEY OR PARTY** ALISHA NICHOLS | **DATE SUBMITTED** Friday, January 04, 2019, 04:06 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

DASHEVSKY, HORWITZ, KUHN,
NOVELLO & SHORR, P.C.
By: Alisha A. Nichols, Esquire
Attorney ID No.: 320560
1315 Walnut Street, 12th Floor
Philadelphia, Pennsylvania 19107
P: (215) 546-4488, F: (215) 732-6220
Anichols@Dashevskylaw.com

THIS IS NOT AN ARBITRATION
MATTER AN ASSESSMENT OF
DAMAGES HEARING IS
REQUIRED

Filed and Attested by the
Office of Judicial Records
04 JAN 2019 04:06 pm
W. BRYANT

ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| MARLENE VARANAVAGE<br>206 Cliffwood Road<br>Philadelphia, PA 19115<br><br>VS.<br><br>TJX COMPANIES / MARSHALLS<br>9169 Roosevelt Blvd.<br>Philadelphia, PA 19114 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br><br>NO. |

## NOTICE TO PLEAD

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, PA 19107
Telephone 215-238-1701

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dios de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ESTA OFICINA PUEDE PROVEER A USTED CON INFORMACION DE COMO ALQUILAR UN ABOGADO. SI USTED NO TIENE DINERO PARA ALQUILAR UN ABOGADO, ESTA OFICINA PUEDE PROVEER A USTED CON INFORMACION DE AGENCIAS QUE PUEDE OFRECER SERVICIOS LEGALES A PERSONAS ELEGIBLE A UN COSTO REDUCIDO O SIN COSTO NINGUNO

ASOCIACION DE LICENCIADOS DE FILADELFIA SERVICIO
DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono 215-238-1701

Case ID: 181203397

DASHEVSKY, HORWITZ, KUHN,
NOVELLO & SHORR, P.C.
By: Alisha A. Nichols, Esquire
Attorney ID No.: 320560
1315 Walnut Street, 12th Floor
Philadelphia, Pennsylvania 19107
P: (215) 546-4488, F: (215) 732-6220
Anichols@Dashevskylaw.com

THIS IS NOT AN ARBITRATION
MATTER AN ASSESSMENT OF
DAMAGES HEARING IS
REQUIRED

ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| MARLENE VARANAVAGE<br>206 Cliffwood Road<br>Philadelphia, PA 19115<br><br>VS.<br><br>TJX COMPANIES / MARSHALLS<br>9169 Roosevelt Blvd.<br>Philadelphia, PA 19114 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br><br><br>NO. |

## CIVIL ACTION - COMPLAINT
### Premises Liability, Slip & Fall - 2S

1. Plaintiff, Marlene Varanavage, is an adult individual who resides at the above captioned address.

2. Defendant, TJX Companies / Marshalls, is a business entity and/or corporation duly organized and existing under the laws of the City of Philadelphia, Commonwealth of Pennsylvania with a business location at the above captioned address.

3. On January 24, 2017, and at all times herein, the defendant, owned and/or leased, and by their agents, servants, workmen and/or employees, maintained, supervised, inspected and controlled the floor of the premises known as Marshalls, 9169 Roosevelt Boulevard, Philadelphia, PA 19114, and said floor on the premises located at the aforesaid address is under the primary inspection, supervision, possession, maintenance and control of the named defendant.

4. At the time and place aforesaid, plaintiff, Marlene Varanavage, was a business

Case ID: 18120397

invitee lawfully upon the premises of the defendant.

5. At the time and place aforesaid, the defendant, by their agents, servants, workmen and/or employees, were under a duty to keep, inspect, possess, supervise, and maintain said floor on the premises located at Marshalls, 9169 Roosevelt Boulevard, Philadelphia, PA 19114, in a safe condition for those lawfully upon the premises.

6. Notwithstanding this duty, the defendant, by their agents, servants, workmen and/or employees, did on the date aforesaid, and for some time prior thereto, carelessly and negligently permit and allow the floor on the said premises to be, become and remain in a highly dangerous and unsafe condition located on the said premises.

7. On the aforesaid date and time, while plaintiff, Marlene Varanavage, was walking on the aforesaid premises of the defendant, she was caused to slip and fall by reason of coming in contact with a liquid which created a dangerous and unsafe condition, as a result of which, plaintiff sustained severe personal injuries hereinafter more specifically set forth.

8. Plaintiff avers that defendant, by their agents, servants, workmen and/or employees, had or should have had notice of the existence of the said dangerous and unsafe condition upon the premises above-mentioned prior to the happening of the said accident, and allowed this dangerous and unsafe condition to exist for an unreasonable period of time.

9. At the time and place aforesaid, the carelessness and negligence of the defendant, consisted of the following:

    (a) Failing to properly maintain and inspect the floor on the aforesaid premises;

    (b) Failing to properly supervise and maintain the flor on the aforesaid premises;

    (c) Failing to give proper and sufficient warnings and notice to the plaintiff of the highly dangerous and unsafe condition located on the aforesaid premises;

(d) Disregarding the rights and safety of the plaintiff and other persons lawfully on the premises of the defendants;

(e) Allowing the liquid on the said premises to remain in a dangerous and unsafe condition;

(f) Failing to use reasonable prudence and care to keep the liquid on the said premises in a safe condition;

(g) Failing to instruct their employees as to the proper care, maintenance and control of said clothing rack on the said premises.

## COUNT I

### MARLENE VARANAVAGE V. TJX COMPANIES / MARSHALLS

10. Plaintiff, Marlene Varanavage, incorporates herein by reference the averments contained in paragraphs 1 through 9 inclusive, as fully as though the same were herein set forth at length.

11. Solely as a result of the aforesaid negligence and carelessness of the defendant, as aforesaid, plaintiff, Marlene Varanavage, was caused to sustain severe and permanent internal and external injuries in and about the head, body and limbs, more particularly: neck, back, shoulder, hip, and hand.

12. Further, by reason of the aforesaid, plaintiff, Marlene Varanavage, has been obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure herself of said injuries, and will be obliged to expend additional sums of money for the same purposes in the future, all to her great financial damage and loss to which she is entitled to recover.

13. As a direct result of the accident, plaintiff, Marlene Varanavage, has and may

Case ID: 18120397

suffer a severe loss of earnings and/or impairment of her earning capacity and power, which such loss of income and/or impairment of her earning capacity and power has or may exceed the sum recoverable.

14. Plaintiff avers that the injuries and damages sustained as a result of this accident were caused solely by the negligence of the defendant, as hereinbefore set forth.

**WHEREFORE**, plaintiff, Marlene Varanavage, demands judgment against the defendant, TJX Companies / Marshalls, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest and costs.

> DASHEVSKY, HORWITZ, KUHN
> NOVELLO and SHORR, P.C.
>
> BY: *Alisha A. Nichols*
> ALISHA A. NICHOLS, ESQ.
> Attorney for Plaintiff

Case ID. 18120397

DASHEVSKY, HORWITZ, KUHN, NOVELLO & SHORR, P.C.

## VERIFICATION

I, Maria Voronova, make this verification subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities. The attached pleading is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in preparation for the prosecution of this lawsuit. The language contained in the pleading is that of counsel and not mine. I have read the pleading, and to the extent it is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the pleading are that of counsel, I have relied upon my counsel in making this verification.

Dated: 1/4/19

Case ID: 18120397

JS 44 (Rev 06/17)  JHS    **CIVIL COVER SHEET**   19-cv-461

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MARLENE VARANAVAGE

**DEFENDANTS**
TJX Companies/Marshalls

(b) County of Residence of First Listed Plaintiff: Philadelphia County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Middlesex County, MA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Alisha A. Nichols, Esquire; DASHEVSKY, HORWITZ, KUHN, NOVELLO, & SHORR, P.C ; 1315 Walnut Street, 12th Floor, Philadelphia, PA 19107

Attorneys *(If Known)*
JAMES F. LYNN, ESQUIRE, Bonner Kiernan Trebach & Crociata, LLP; Ten Penn Center Plaza, Suite 770, 1801 Market Street, Philadelphia, PA 19107

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER    JAN 31 2019

DATE: 1/31/19
SIGNATURE OF ATTORNEY OF RECORD: *James F. Lynn*

**FOR OFFICE USE ONLY**
RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

JHS

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19-cv-461

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 206 Cliffwood Road, Philadelphia, Pennsylvania

Address of Defendant: 770 Cochitaute Road in Framingham, Massachusetts

Place of Accident, Incident or Transaction: 9169 Roosevelt Boulevard, Philadelphia, PA 19114

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions.

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/31/2019     *Attorney-at-Law / Pro Se Plaintiff*     53838   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☑ Other Personal Injury *(Please specify):* Premises Liability
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

JAN 31 2019

DATE _____ *Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ. 609 (5/2018)

JHS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| MARLENE VARANAVAGE | : | CIVIL ACTION |
| v. | : | |
| TJX COMPANIES/MARSHALLS | : | NO. 19-cv-461 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (XX)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

| | | |
|---|---|---|
| 1/31/19 | James F. Lynn, Esquire | Defendant |
| Date | Attorney at Law | Attorney for: |
| 215-569-4433 | 215-569-4433 | jlynn@bonnerkiernan.com |
| Telephone | Fax Number | E-Mail Address |

JAN 31 2019

(Civ. 660) 10/02